UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLEMAN KENYATTA SMITH, JR., <br><br>　　　Plaintiff, <br><br>　v. <br><br>S. PONCE, et al., <br><br>　　　Defendants. | Case No. 1:18-cv-01197-EPG (PC) <br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ALL CLAIMS AND DEFENDANTS** <br><br>(ECF No. 12) <br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** <br><br>**ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE** |

Coleman Smith, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 5, 2018. (ECF No. 1). The Court screened the complaint, found that Plaintiff failed to state any cognizable claims, and gave Plaintiff leave to amend. (ECF No. 8). Plaintiff filed his First Amended Complaint on February 4, 2019. (ECF Nos. 9 & 10). The Court screened that complaint as well, found that Plaintiff failed to state any cognizable claims, and gave Plaintiff leave to amend. (ECF No. 11). Plaintiff filed his Second Amended Complaint ("SAC") on March 18, 2019 (ECF No. 12), which is now before the Court for screening.

For the reasons described below, the Court once again finds that Plaintiff failed to state any cognizable claims. The Court recommends dismissing Plaintiff's case without further leave to amend.

Plaintiff has twenty-one days from the date of service of this order to file objections to

1

these findings and recommendations.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff alleges that "on November 19" he was in the Special Housing Unit (SHU) in Corcoran State Prison when Defendant Sighn, a correctional officer, came to his cell to escort him to the shower. He kicked Defendant Sighn in the leg. He then got down on the floor and officers put him in leg restraints. While he was in leg and hand restraints, Officer Sighn started punching him.

2

Plaintiff was then placed in a holding cell. A nurse evaluated him and found minor scars and scrapes. Plaintiff asked the Institution Gang Investigator and Sighn to make sure his legal work was sent after him because he is a life sentence inmate with possibility of parole. Plaintiff was told "no you have to start all over!" Plaintiff alleged that he understood this to mean that "he wanted to retaliated [sic] and harm me anyway possible."

Plaintiff claims that "[t]he State violated my due process violation under the State of the Constitution Amendment at my V Amendment Constitutional rights were violated." He asks for "a preliminary and permanent injunction o[r]dering Defendants [Sighn and S. Ponce] to pay Plaintiff for the loss of personal property and court fees." (ECF No. 12, at p. 6.)

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Eighth Amendment Excessive Force Claim

##### a. Plaintiff Does Not Appear to Bring an Eighth Amendment Claim in his SAC

While Plaintiff describes an incident where an officer allegedly attacked him, it does not appear that Plaintiff is attempting to bring a claim for excessive force. Instead, it appears to be background information for Plaintiff's claim, which is that his property was taken after the incident.

Plaintiff's First Amended Complaint related solely to his property being taken and the damages he suffered as a result, and this complaint appears to as well. For instance, in his prayer for relief, Plaintiff asks that two defendants be ordered "to pay Plaintiff for the loss of personal property and court fees." (ECF No. 10, at p. 6). Plaintiff does not ask for compensation for being beaten by an officer. Additionally, despite the Court providing Plaintiff with the legal standards for an Eighth Amendment excessive force claim (ECF No. 8, at p. 5), Plaintiff never alleges that his Eighth Amendment rights were violated. Instead, Plaintiff alleges that his due process rights were violated.

Thus, it does not appear that Plaintiff is bringing an Eighth Amendment claim.

##### b. Statute of Limitations

Even if Plaintiff is attempting to bring an Eighth Amendment claim, as the Court

explained in its first screening order (ECF No. 8, at p. 7), Plaintiff's complaint appears to be barred by the statute of limitations.

"Under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)). In the absence of a specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914. Where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989).

California's statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims, see Jones, 393 F.3d at 927, and requires that a claim is filed within two years of its accrual, Cal. Code Civ. Proc., § 335.1. However, prisoners who at the time the claim accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Code Civ. Proc. § 352.1. In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). Thus, prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005).

Here, Plaintiff originally alleged that the incident occurred on or about November 19, 2013. (ECF No. 1, at p. 2). In the Court's first screening order, it set forth the law regarding statute of limitations and stated, "it appears that claims arising from events on November 19, 2013, would be barred by the applicable statute of limitations." (ECF No. 8, at p. 7). In the SAC, Plaintiff omits the year in describing the events, but still asserts the event took place on November 19. The RVR attached to his First Amended Complaint puts the incident at

4

November 19, 2013. (ECF No. 10, at p. 4).

Despite Plaintiff omitting the year in this version of his complaint, it is clear based on his past statements and the exhibits that the event took place on November 19, 2013. Plaintiff filed this case on September 5, 2018, almost five years after the event. Under the law listed above, the statute of limitations would be two years. Plaintiff alleges he is a life prisoner, (ECF No. 12, at p. 4), so he is not entitled to the two-year tolling period. Although Plaintiff is entitled to tolling during the time he was exhausting administrative remedies, there is no indication that the process took over two years. Additionally, Plaintiff failed to provide any basis for tolling or explanation for the late filing in response to the Court's previous screening order. It thus appears that Plaintiff's complaint is barred by the statute of limitations.[1]

**B. Deprivation of Property**

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). Authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 & n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. And, "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Additionally, "the Due Process Clause is [] not implicated by a *negligent* act of an official causing unintended loss of or injury to… property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

---

[1] As explained below, Plaintiff has an opportunity to file objections to these Findings and Recommendations. If Plaintiff believes that he did bring an Eighth Amendment claim and that he is entitled to tolling of the statute of limitations, he can explain the reasons in his objections to this order.

Plaintiff alleges in his SAC that "I then asked 'IGI' institution gang investigator and Sighn can he make sure my legal work come/follow me because I'm a life sentence inmate with possible of parole he then stated no you have to start all over!" (ECF No. 10, at p. 4).

The Court finds that Plaintiff has failed to state a cognizable due process claim. There is no indication in Plaintiff's SAC that Plaintiff's property was taken pursuant to an established policy. Instead, Plaintiff states that he believes the officer took his property in retaliation and to harm him in any way possible (id.). Thus, it appears that Plaintiff is alleging that he suffered an unauthorized intentional deprivation of his property by a state employee. As California law provides an adequate post-deprivation remedy, Plaintiff has failed to state a cognizable claim.[2]

**C. Access to Courts**

Under the First and Fourteenth Amendments to the Constitution, state inmates have a "'fundamental constitutional right of access to the courts.'" Lewis v. Casey, 518 U.S. 343, 346 (1996) (quoting Bounds v. Smith, 430 U.S. 817 (1977)); Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007), overruled on other grounds by Hust v. Phillips, 555 U.S. 1150 (2009).

To have standing to bring this claim, Plaintiff must demonstrate that he suffered an actual injury. Lewis, 518 U.S. at 351-52; Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994). This means Plaintiff must allege that he was prejudiced with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a nonfrivolous claim. Lewis, 518 U.S. at 349. To succeed, Plaintiff must have been denied the necessary tools to litigate a nonfrivolous criminal appeal, habeas petition, or civil rights action. Lewis, 518 U.S. at 353-55 & n.3; Christopher v. Harbury, 536 U.S. 403, 415 (2002).

---

[2] Plaintiff has also failed to state a claim under California law because he failed to plead compliance with the California's Government Claims Act. California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Despite being informed of this issue, Plaintiff has not pled compliance with the Government Claims Act.

1      Plaintiff need not show that he would have been successful on the merits of his claims, but only that they were not frivolous. Allen v. Sakai, 48 F.3d 1082, 1085 & n.12 (9th Cir. 1994). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Ninth Circuit has emphasized that "[a] prisoner need not show, ex post, that he would have been successful on the merits had his claim been considered. To hold otherwise would permit prison officials to substitute their judgment for the courts' and to interfere with a prisoner's right to court access on the chance that the prisoner's claim would eventually be deemed frivolous." Allen, 48 F.3d at 1091 (footnote omitted).

     Plaintiff alleges that someone told him he would not get his legal work back. However, despite being informed of the legal standards in the Court's prior screening order, Plaintiff does not allege any facts suggesting that not having access to his legal work prejudiced him in contemplated or existing litigation. Additionally, the SAC provides no information about the legal work that was allegedly taken.

## IV.    CONCLUSION AND RECOMMENDATIONS

     The Court has screened the Second Amended Complaint and finds that Plaintiff failed to state a claim upon which relief may be granted. As Plaintiff was previously granted leave to amend and provided with the applicable legal standards, but still failed to state a cognizable claim, the Court finds that further leave to amend would be futile.

     Based on the foregoing, IT IS HEREBY RECOMMENDED that:

         a. This action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted; and

         b. The Clerk of Court be directed to close this case.

     These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler,

772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **October 11, 2019**  /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE